IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| ROBERT DOUGLAS LYLE, #9582, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:15-cv-0480 |
| ) | |
| MONTGOMERY COUNTY JAIL AND ) | Chief Judge Sharp |
| JAIL MAINTENANCE, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION**

Plaintiff Robert Douglas Lyle, an inmate confined at the Montgomery County Jail in Clarksville, Tennessee, has filed a civil rights complaint under 42 U.S.C. § 1983 against defendants the Montgomery County Jail and "Jail Maintenance." (ECF No. 1.) The complaint is before the Court for an initial review pursuant to the Prison Litigation Reform Act ("PLRA").

**I.    Standard of Review**

Under the PLRA, the Court must conduct an initial review of any civil complaint brought by a prisoner if it is filed *in forma pauperis*, 28 U.S.C. § 1915(e)(2), seeks relief from government entities or officials, 28 U.S.C. § 1915A, or challenges the prisoner's conditions of confinement, 42 U.S.C. § 1997e(c). Upon conducting this review, the Court must dismiss the complaint, or any portion thereof, that fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2) and 1915A; 42 U.S.C. § 1997e(c). The Sixth Circuit has confirmed that the dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), "governs dismissals for failure to state a claim under [the PLRA] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive scrutiny on initial review, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

Nonetheless, in conducting the initial review, the Court must read the plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept the plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

**II.     Factual Allegations**

The complaint sets forth a number of allegations concerning the plaintiff's conditions of confinement. First, the plaintiff, a male, alleges that he must shower in plain view of female corrections officers. He also alleges that inmates do not have access to a restroom or water when they are "on rec"; that they have to be on lock-down in order to use the in-cell toilet; that there are no tables inside the cells so inmates have to sit on the floor to eat; that there is green mold growing in the sinks and showers; that the ventilation system is clogged; that some cells have no sprinkler heads in case of fire; that there are no emergency-call buttons to alert jail officials in the event of an emergency; and that the jail is infested with spiders. The plaintiff taped what might be the remains of several spiders to his complaint as "evidence." (ECF No. 1, at 5.) The plaintiff seeks equitable and injunctive relief only.

As stated above, the only named defendants are the Montgomery County Jail and "Jail Maintenance." The plaintiff states that he does not know the names of any of the jail's maintenance employees.

**III.    Discussion**

The plaintiff seeks to bring suit under 42 U.S.C. § 1983 to vindicate alleged violations of his federal constitutional rights. Section 1983 confers a private federal right of action against any person who, acting under color of state law, deprives an individual of any right, privilege or immunity secured by the Constitution or federal laws. *Wurzelbacher v. Jones-Kelley*, 675 F.3d 580, 583 (6th Cir. 2012). Thus, to state a § 1983 claim, a plaintiff must allege two elements: (1) a deprivation of rights secured by the Constitution and laws of the United States, and (2) that "the deprivation was caused by a person acting under color of state law." *Tahfs v. Proctor*, 316 F. 3d 584, 590 (6th Cir. 2003) (citations omitted); 42 U.S.C. § 1983.

As an initial matter, the Court notes that the Montgomery County Jail is a building occupied by the Montgomery County Sheriff's Office, which is a division of Montgomery County. The jail is not a "person" subject to liability under 42 U.S.C. § 1983. Nonetheless, in light of the plaintiff's *pro se* status, the Court

liberally construes the complaint as stating a claim against Montgomery County itself.

The county is a municipality that is considered a legal "person" who may be subject to liability under § 1983. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978). A municipality can be held responsible for an alleged constitutional deprivation if there is a direct causal link between a policy or custom of the municipality and the alleged constitutional violation. *Id.* at 694; *see also Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993) ("[T]o satisfy the *Monell* requirements a plaintiff must 'identify the policy, connect the policy to the city itself and show that the particular injury was incurred because of the execution of that policy.'" (citations omitted)).

In this case, the policy at issue is the policy of requiring male inmates to shower in the presence or within eyesight of female prison guards. Other courts have recognized that prisoners' Eighth Amendment rights are violated by having to expose their naked bodies to prison guards of the opposite sex while showering or performing bodily functions. *See, e.g.*, *Baggett v. Fuson*, 2015 WL 328348, at *4 (M.D. Tenn. Jan. 23, 2015) (Campbell, J.) (citing *Mills v. City of Barbourville*, 389 F.3d 568, 579 (6th Cir. 2004) (recognizing that "a prison policy forcing prisoners . . . to be exposed to regular surveillance by officers of the opposite sex while naked—for example while in the shower or using a toilet in a cell—would provide the basis of a claim on which relief could be granted"); *Hunter v. Helton*, No. 1:10-cv-00021, 2010 WL 2405092, at *7 (M.D. Tenn. June 10, 2010) (holding that an inmate states a colorable claim if he alleges that guards of the opposite sex regularly viewed him nude while showering). The Court finds that the complaint states a colorable claim against Montgomery County based on the plaintiff's allegations that female guards watch male inmates shower.

Regarding the plaintiff's other claims, while the Eighth Amendment's prohibition against cruel and unusual punishments "proscribe[s] more than physically barbarous punishments." *Estelle v. Gamble*, 429 U.S. 97, 102 (1976), the Constitution does not protect a prisoner from unpleasant prison experiences. *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987). Nor does the Constitution mandate comfortable conditions of confinement. *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981). An Eighth Amendment claim is composed of an objective and subjective component. *Jarriett v. Wilson*, 414 F.3d 634, 642 (6th Cir. 2005). "First, the deprivation of Eighth Amendment rights must be 'sufficiently serious' such that the prison officials'' acts or omissions objectively result in the denial of the 'minimal civilized measure of life's

necessities.'" *Id.* at 642–43 (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). "Second, the prison officials must have acted with a 'sufficiently culpable state of mind.'" *Id.* (quoting *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)).

None of the plaintiff's remaining claims is sufficiently serious to establish an Eighth Amendment violation. While sitting on the floor or a bunk to eat may be unpleasant, the plaintiff does not allege that this practice has led to deprivations of essential food, medical care, or sanitation. Likewise, the spiders, mold, and clogged ventilation are not alleged to cause or contribute to an actual health problem suffered by the plaintiff. Regarding the access to a toilet and water while outside during recreation period, the plaintiff does not allege that he has incurred pain, illness, or serious dehydration resulting from these deprivations. Likewise regarding the jail's failure to have a sprinkler head in every cell and emergency call buttons, the plaintiff has not shown that he personally has suffered a deprivation of any of life's necessities as a result of these failures. One might question the wisdom of failing to have these types of precautions in place, but their absence *per se* does not rise to the level of a constitutional violation. The complaint fails to state a claim against Montgomery County or any jail personnel—even if appropriately named—based upon these alleged deprivations.

## V.    CONCLUSION

For the reasons set forth herein, the Court will permit the plaintiff's claim regarding being regularly watched by female guards while showering to proceed past this initial review. All other claims will be dismissed for failure to state a claim for which relief may be granted. An appropriate order is filed herewith.

_____
KEVIN H. SHARP
Chief Judge
United States District Court